IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM DeWITT, JR., | ) | CASE NO. 3:10 CV 1312 |
| | ) | |
| Petitioner, | ) | JUDGE JACK ZOUHARY |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| JOHN COLEMAN, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] is the *pro se* petition of William D. DeWitt, Jr. for a writ of
habeas corpus under 28 U.S.C. §2254.[2] The State of Ohio has incarcerated DeWitt at the
Allen Correctional Institution in Lima, Ohio.[3] DeWitt is serving concurrent sentences of
seven years and one year, imposed in 2009 by the Allen County Court of Common Pleas,
after a jury convicted him on one count of burglary and one count of possession of criminal
tools.[4]

---

[1] This matter was originally referred to me by Judge Jack Zouhary under Local Rule
16.2(a) and Local Rule 72.2(b) on July 23, 2010.

[2] ECF # 1.

[3] *Id*.

[4] ECF # 1 at 1.

In his petition, DeWitt raises three grounds for relief.[5] The State argues that DeWitt procedurally defaulted on part of the first ground and all of the third ground for lack of fair presentment, and the remaining grounds should be denied on the merits because the state appeals court decision rejecting those claims constituted neither an unreasonable application of nor contrary to clearly established federal law.[6]

For the reasons that follow, I recommend finding that DeWitt has procedurally defaulted on his claim in ground three and that part of ground one relating to the element of purpose. I further recommend that all remaining grounds for relief in DeWitt's petition be denied on the merits.

## Facts

### A.      Underlying offense, trial, and sentence

The Ohio appeals court found the following basic underlying facts on its review of the record.[7] Late in the evening, three officers were dispatched to a residence to investigate a possible burglary in progress.[8] At the residence, one officer observed a subject run out of the

---

[5] *Id*. at 6-10.

[6] ECF # 8 at 5-10; 10-26.

[7] Facts found by the state appeals court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001).

[8] ECF # 8, Attachment (state court record) at 88.

residence; all three officers pursued; and the officers apprehended the subject, later identified as DeWitt, and placed him under arrest.[9]

Steven Ostendorf owned the residence in question. At the time, Ostendorf and his family were away on vacation.[10] Ostendorf had asked a neighbor, Randall Calvelage, to take out his trash on the night of the incident and to look after things while he was away.[11] Calvelage observed lights and motion in the home while walking up the Ostendorfs' driveway to get the trash and called police.[12]

The Grand Jury indicted DeWitt for one count of burglary[13] and one count of possession of criminal tools.[14] DeWitt pleaded not guilty to both charges.[15] DeWitt filed a motion to suppress,[16] but the court denied the motion after a suppression hearing.[17] The case proceeded to a jury trial, and the jury found DeWitt guilty on both counts.[18] At a sentencing

---

[9] *Id.*

[10] *Id.* at 92.

[11] *Id.* at 92-93.

[12] *Id.* at 93.

[13] *Id.* at 1.

[14] *Id.* at 2.

[15] *Id.* at 88.

[16] *Id.* at 4.

[17] *Id.* at 6.

[18] *Id.*

hearing on April 22, 2009, the trial judge sentenced DeWitt to seven years in prison for the burglary conviction and one year for possession of criminal tools, to be served concurrently.[19]

## B.    Direct Appeal

### 1.    *The court of appeals*

DeWitt, through different counsel,[20] then timely appealed[21] his conviction and sentence. In his brief,[22] DeWitt raised the following assignment of error:

> The Appellant's Conviction is not supported by sufficient evidence as the appellee failed to prove an essential element of the burglary offense.[23]

The State filed a brief in response.[24] On November 9, 2009, the Ohio appeals court found DeWitt's assignment of error without merit and affirmed the conviction and sentence.[25]

---

[19] *Id*. at 38.

[20] DeWitt was represented at trial by James P. Fisher, *id*. at 4, and on appeal by Destiny R. Hudson, *id*. at 15.

[21] DeWitt was sentenced on April 22, 2009. *Id*. DeWitt filed a notice of appeal on April 30, 2009. *Id*. at 15. Under Ohio App. Rule 4(A), to be timely, a party must file a notice of appeal within thirty days of the judgment being appealed. *See also*, *Smith v. Konteh*, 2007 WL 171978, at *2 (N.D. Ohio Jan. 18, 2007).

[22] ECF # 8, Attachment (state court record) at 22-72.

[23] *Id*. at 27.

[24] *Id*. at 73.

[25] *Id*. at 87.

## 2.      *The Supreme Court of Ohio*

DeWitt, proceeding *pro se*, timely filed a notice of appeal with the Supreme Court of Ohio.[26] In his memorandum in support of jurisdiction,[27] DeWitt raised the following proposition of law:

> The failure to prove an essential element of "likely to be occupied" in the charged offense of burglary beyond a reasonable doubt renders a resulting conviction violative of due process of law.[28]

The State did not file a memorandum opposing jurisdiction. On March 3, 2010, the Ohio Supreme Court denied DeWitt leave to appeal, dismissing the case for want of any substantial constitutional question.[29]

----

[26] *Id*. at 100-01. DeWitt's notice of appeal with the Ohio Supreme Court was filed on December 2, 2009. *Id*. at 100. The appellate judgment was entered on November 9, 2009. *Id*. at 87. To be timely filed under Ohio Supreme Court Rule of Practice 2.2(A)(1)(a), a notice of appeal must be filed within 45 days of entry of the appellate judgment for which review is sought. *See also*, *Applegarth v. Warden*, 377 F. App'x 448, 450 (6th Cir. 2010).

[27] ECF # 8, Attachment (state court record) at 102-22.

[28] *Id*. at 107.

[29] *Id*. at 123.

**C.      Ohio Appellate Rule 26(B) motion to reopen**

While the direct appeal to the Ohio Supreme Court pended, DeWitt *pro se*[30] filed a timely application to re-open appeal.[31] DeWitt's application raised the following two assignments of error:

> 1.      Trial counsel rendered constitutionally ineffective assistance of counsel where he waived appellant's sixth amendment right to confrontation when he invited prejudicial hearsay testimony.
>
> 2.      The conviction of burglary is not supported by sufficient evidence, where the state failed to prove the appellant was present to commit any criminal offense.

The state did not oppose the motion. The Ohio appeals court denied DeWitt's application to re-open on February 9, 2010, for failure to show any genuine issue as to whether he was deprived of the effective assistance of counsel on appeal.[32]

DeWitt appealed from the denial of his application to reopen,[33] but the Supreme Court of Ohio dismissed the appeal for want of a substantial constitutional question on May 26, 2010.[34]

---

[30] *Id*. at 129.

[31] *Id.* at 124. The Ohio appeals court entered its judgment on November 9, 2009. DeWitt filed an application to re-open appeal on January 14, 2010. *Id.* To be timely filed under Ohio App. Rule 26(B) a motion to reopen must be filed within 90 days of journalization of the appellate judgment.

[32] *Id*. at 132.

[33] *Id.* at 135.

[34] *Id.* at 147.

**D.     Federal Habeas Petition**

*1.      The petition*

DeWitt, *pro se*, then timely filed[35] the present petition for federal habeas relief raising

the following three grounds for relief:

> Ground One: The evidence at trial was insufficient to prove all essential
> elements of the chargerd [sic] offenses beyond a reasonable doubt, in violation
> of the Fifth Amendment Due Process Clause.[36]
>
> Ground Two: Petitioner was deprived of effective counsel on appeal, in
> violation of the Sixth amdn [sic] Fourteenth Amendments.[37]
>
> Ground Three: Petitioner was deprived of effective counsel at trial where trial
> counsel invited prejudicial hearsay testimony, abrogating Petitioner's rights to
> confrontation.[38]

*2.      The return of the writ*

The State filed a return of the writ,[39] wherein, as noted, it argues that: (1) all of ground

three and part of ground one are procedurally defaulted as not fairly presented to Ohio courts

---

[35] The petition was docketed at this Court on June 15, 2010 (ECF # 1 at 1), which is
within one year of the decision of the Ohio Supreme Court denying DeWitt leave to appeal,
which, as noted, occurred on March 3, 2010. ECF # 8, Attachment (state court record) at 123.
Thus, even without determining when DeWitt signed the petition and placed it in the prison
mail system (*see*, *e.g.*, ECF # 1 at 16, which shows that DeWitt signed the civil cover sheet
on June 10, 2010) or tolling during DeWitt's application to re-open, this petition was filed
within the one-year limitations period set by 28 U.S.C. § 2254(d)(1).

[36] ECF # 1 at 5.

[37] *Id.* at 7.

[38] *Id.* at 8.

[39] ECF # 8.

as federal constitutional claims;[40] and (2) the remaining grounds are without merit and should be denied because the state court decision is not contrary to or an unreasonable application of clearly established federal law.[41]

**3.    *Traverse***

In his traverse, DeWitt argues that the third ground and part of the first ground were fairly presented in the Ohio Appellate Rule 26(B) application to reopen direct appeal.[42] DeWitt further argues that, even if these grounds were not fairly presented, his second ground of ineffective assistance of appellate counsel serves as cause and prejudice for failing to preserve these grounds.[43] Finally, DeWitt maintains that the state courts improperly denied all the remaining grounds of his petition.[44]

## Analysis

**A.    Preliminary observations**

Before proceeding to an analysis of the petition, I make the following initial observations:

---

[40] *Id.* at 5-10.

[41] *Id.* at 10-26.

[42] ECF # 12 at 2-4.

[43] *Id.* at 4-5.

[44] *Id.* at 5-12.

1.   There is no dispute that DeWitt is currently in state custody as a result of his conviction by an Ohio court and was so incarcerated at the time he filed the present petition for federal habeas relief. DeWitt meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[45]

2.   There is also, as noted above, no dispute that the petition, docketed on June 15, 2010, is timely filed under the applicable statutory standard.[46]

3.   As will be more fully developed below, part of DeWitt's first ground (as to the purpose element) and DeWitt's third ground (ineffective assistance of trial counsel) have not been fairly presented in Ohio courts and are now procedurally defaulted. DeWitt's remaining grounds – his first ground (as to the presence element) and second ground – have been totally exhausted in Ohio courts.

4.   Finally, DeWitt has not requested an evidentiary hearing,[47] and has not requested the appointment of counsel.[48]

## B.   Standards of review

### 1.   *Fair presentment/exhaustion/procedural default/waiver*

The standard of review outlined by 28 U.S.C. § 2254(d) applies by its own terms only to habeas claims that were "adjudicated on the merits in State court proceedings."[49] Under the doctrine of procedural default, the federal habeas court cannot review a ground for relief if the petitioner failed to obtain consideration of that claim on its merits in state court, either

---

[45] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[46] 28 U.S.C. § 2254(d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (2000).

[47] 28 U.S.C. § 2254(e)(2).

[48] 28 U.S.C. § 2254(h).

[49] 28 U.S.C. § 2254 (d); *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003).

because the petitioner failed to raise it when state remedies were still available or because of some other violation of a state procedural rule.[50]

When the States asserts a violation of a state procedural rule as the basis for the default, the Sixth Circuit employs a four-part test to determine if the petitioner has procedurally defaulted on a ground pled in a federal habeas proceeding:

(1)    Does a state procedural rule exist that applies to the petitioner's claim?

(2)    Did the petitioner fail to comply with that rule?

(3)    Did the state court rely on that failure as the basis for its refusal to address the merits of the petitioner's claim?

(4)    Is the state rule violated by the petitioner an adequate and independent state law basis for barring the federal court from considering the claim?[51]

In addition to establishing these elements, the State must show that the procedural rule was (a) firmly established and (b) regularly followed before the federal habeas court will decline to review an allegedly procedurally defaulted claim.[52]

If the State establishes procedural default, the petitioner may overcome the default if he can show cause for the default and actual prejudice from the court's failure to address the

---

[50] *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

[51] *Morales v. Mitchell*, 507 F.3d 916, 937 (6th Cir. 2007) (citation omitted).

[52] *Smith v. Ohio Dep't of Rehab. & Corrs.*, 463 F.3d 426, 431 (6th Cir. 2006) (citations omitted).

-10-

alleged constitutional violation.[53] In addition, procedural default may also be excused by a showing of actual innocence.[54]

To establish "cause" for the default, a petitioner must generally show that some objective factor, something external to himself, precluded him from complying with the state procedural rule.[55] Ineffective assistance of counsel may serve as cause for a procedural default, but "assistance must have been so ineffective as to violate the Federal Constitution."[56] Demonstrating "prejudice" requires the petitioner to show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting the entire proceeding with error of a constitutional dimension.[57] There can be no prejudice if the petitioner cannot show a reasonable probability of a different outcome at trial.[58]

Notwithstanding these elements, the Supreme Court has held that federal habeas courts need not consider an assertion of procedural default before deciding a claim against the petitioner on the merits.[59] In that regard, the Sixth Circuit has stated that a federal habeas court may bypass an issue of procedural default when that issue presents complicated

---

[53] *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986).

[54] *Id.*

[55] *Coleman v. Thompson*, 501 U.S. 722, 753 (1991).

[56] *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).

[57] *United States v. Frady*, 456 U.S. 152, 170 (1982).

[58] *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003).

[59] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).

-11-

questions of state law and addressing it is unnecessary to resolving the ground against the petitioner on the merits.[60]

## 2.    *Ineffective assistance of counsel*

In *Higgins v. Renico*,[61] the Sixth Circuit re-stated the foundational rubric for reviewing claims of ineffective assistance of counsel pursuant to the longstanding teaching of *Strickland v. Washington*:[62]

> Under *Strickland*, a defendant must establish both that his counsel's performance was seriously deficient and also that he suffered prejudice as a result of such deficiency.[63]

The *Higgins* court then proceeded to discuss the applicable standards for evaluating each prong of the *Strickland* test. It explained seriously deficient performance in the following terms:

> When complaining of his counsel's deficient performance, a convicted defendant must show that counsel's representation fell below "an objective standard of reasonableness" under "prevailing professional norms." A reviewing court must judge the reasonableness of counsel's actions on the facts of the defendant's case, viewed from counsel's perspective at the time, recognizing that "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." In essence, a defendant has the burden of proving by a preponderance of the evidence, that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."

---

[60] *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003).

[61] *Higgins v. Renico*, 470 F.3d 624 (6th Cir. 2006).

[62] *Strickland v. Washington*, 466 U.S. 668 (1984).

[63] *Higgins*, 470 F.3d at 631.

-12-

Because advocacy is an art not a science, ... [counsel's] strategic choices must be respected" if they were made after a thorough investigation of the law and facts relevant to possible options." Such choices can vary greatly from attorney to attorney and from case to case, and reviewing courts must scrutinize these choices with a great deal of deference. Indeed, such strategic choices are virtually unchallengeable. As explained by the Supreme Court:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

Thus Counsel cannot be adjudged ineffective for performing a particular way in a case, as long as the approach taken "might be considered sound trial strategy."[64]

The clearly established federal law of establishing prejudice from deficient performance of counsel was stated by the *Higgins* court as follows:

> Even where counsel's performance is deficient, a petitioner is not entitled to habeas relief unless he also demonstrated ensuing prejudice. In evaluating the prejudice suffered by a defendant as a result of his counsel's deficient performance, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceedings." Indeed, "[v]irtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome

---

[64] *Id*. at 631-32 (internal citations omitted).

-13-

undermines the reliability of the result of the proceeding." Rather the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Although the defendant need not prove that counsel's deficient conduct more likely than not affected the verdict, the defendant must show that "absent his counsel's error, the courts of appeal would have reasonable doubt with respect to his guilt." "[T]he ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged." In this vein, the court must determine whether "the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results."

Whether an error actually prejudiced a defendant is weighed against the "totality of the evidence before the judge or jury." A verdict "only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support."[65]

Moreover, it is well-settled that a federal habeas court may, as an initial inquiry, consider either the alleged deficiency itself or the claim of prejudice resulting from such deficiency since establishing both prongs is required to grant the writ.[66]

## 3. *Insufficiency of the evidence*

As the Supreme Court stated in *Jackson v. Virginia*, in considering claims of evidentiary insufficiency, the federal habeas court must ask, after viewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.[67] This standard

---

[65] *Id*. at 633-34 (internal citations and parenthetical comments omitted).

[66] *Id*. at 631 n.3.

[67] *Jackson v. Virginia*, 443 U.S. 307, 324 (1979).

-14-

does not permit the federal court to re-weigh the evidence nor to function as an additional state appeals court.[68]

## C.  Application of standards

*1.  DeWitt's claim in ground three that he was deprived of effective assistance of counsel at trial and his claim in ground one that there was insufficient evidence to show purpose to commit the underlying felony were procedurally defaulted when DeWitt failed to raise the claim in state court and the claim was subsequently barred by res judicata.*

DeWitt had an opportunity to present his third ground and the portion of his first ground relating to purpose to commit the underlying criminal offense on direct appeal to the Ohio appeals court and failed to do so.[69] These claims are now procedurally defaulted under Ohio's law of *res judicata*,[70] which is an independent and adequate state procedural bar to federal review.[71]

Although DeWitt's Appellate Rule 26(B) application to re-open listed DeWitt's third ground and a part of his first ground as assignments of error, this did not in and of itself excuse the procedural default. A Rule 26(B) application is a claim of ineffective assistance of appellate counsel and "cannot function to preserve the underlying substantive claim."[72]

---

[68] *Herrera v. Collins*, 506 U.S. 390, 401-02 (1993) (citation omitted).

[69] ECF # 8, Attachment (state court record) at 23-33.

[70] *State v. Cole*, 2 Ohio St. 3d 112, 113-14, 443 N.E.2d 169, 171 n.1 (1982).

[71] *Mapes v. Coyle*, 171 F.3d 408, 421-22 (6th Cir. 1999).

[72] *Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008).

DeWitt's second ground – inadequate assistance of appellate counsel – may serve to show cause and prejudice for the procedural default of DeWitt's third ground and the "purpose" portion of his first ground.[73] But, since the assistance of the appellate counsel was not unconstitutional under the *Strickland* standard (as discussed below), there is not cause to excuse the procedural default of DeWitt's third ground and the "purpose" portion of his first ground.

**2.    *DeWitt's claim in ground two that his appellate counsel was constitutionally ineffective fails because counsel satisfied the standard of Strickland.***

This ground centers on the testimony of Ostendorf (the resident) that a cigar box, which he kept on a shelf in a hallway closet, was knocked to the floor in his absence.[74] Ostendorf further testified on cross examination by DeWitt's trial counsel that neither he nor any member of his family had moved the cigar box from the closet.[75]

DeWitt asserts two bases for his claim of ineffective appellate counsel. These relate to his first and third grounds for habeas relief. First, he claims that appellate counsel should have argued on appeal that Ostendorf's testimony was insufficient evidence of purpose to commit the underlying offense of theft.[76] Second, he claims that appellate counsel should have argued on appeal that there was constitutionally ineffective trial counsel, because trial

---

[73] *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).

[74] The testimony is reproduced in ECF # 8, at 19.

[75] ECF # 9, attachment (trial record) at 49.

[76] ECF # 12 at 8-12.

-16-

counsel elicited on cross-examination of Ostendorf that neither he, nor the other members of his family, had moved the cigar box from the closet shelf.[77]

The State argues that there is "overwhelming evidence" of purpose, and that, as a result, appellate counsel was not deficient for failure to raise the insufficiency of evidence argument.[78] Further, that overwhelming evidence overcame any prejudice that DeWitt may have suffered from appellate counsel's failure to assert ineffective assistance of trial counsel.[79]

A reasonable inference of purpose to commit an underlying offense of theft arises when the accused is apprehended before any overt act occurs.[80] Here, Calvelage (the neighbor) testified to seeing someone moving in Ostendorf's residence,[81] the officers saw someone flee by the back door,[82] the officers gave chase and apprehended DeWitt,[83] and DeWitt's vehicle was found nearby.[84] These facts found by the Ohio appeals court

---

[77] *Id.* at 11.

[78] ECF # 8, Attachment (state court record) at 22-26.

[79] *Id.*

[80] *State v. Morris*, 159 Ohio App. 3d 775, 783, 825 N.E.2d 637, 642-43 (Ohio Ct. App. March 2, 2005).

[81] ECF # 8, Attachment (state court record) at 93.

[82] *Id.* at 88.

[83] *Id.*

[84] *Id.*

independently support an inference of purpose to commit theft under Ohio law, with or without the testimony of Ostendorf that no one in his family had moved the cigar box, because the perpetrator was apprehended while the act was occurring.[85]

*Strickland* requires a reasonable probability of a different result to show prejudice.[86] There is no reasonable probability here that the result would have been different absent Ostendorf's testimony. Therefore, assistance of appellate counsel was not seriously deficient for failing to challenge the sufficiency of evidence as to purpose to commit the underlying offense, and DeWitt's case was not prejudiced by trial counsel's failure to object to Ostendorf's testimony concerning the cigar box. Accordingly, DeWitt's claim of ineffective assistance of appellate counsel fails as a ground for relief (Ground Two) and as cause to excuse procedural default on the other grounds for relief (Grounds Three and One, in part).

---

[85] *See*, *Morris*, 159 Ohio App. 3d at 783, 825 N.E.2d at 643 (finding a reasonable inference of intent to commit the underlying felony from circumstantial evidence even though accused was not apprehended directly in the dwelling).

[86] *Strickland*, 466 U.S. at 695.

-18-

**3.      DeWitt's claim in ground one – that his conviction for burglary was not supported by sufficient evidence – fails because the state appeals court opinion denying this claim was not an unreasonable application of the clearly established federal law of *Jackson v. Virginia*.**[87]

Here, the state appeals court set forth the crime of burglary as defined in Ohio law and analyzed the evidence presented under *State v. Jenks*,[88] an Ohio case incorporating the federal *Jackson* standard.[89]

DeWitt claims that the state failed to prove that "any person other than an accomplice of the defendant [was] present or likely to be present" at the time of the offense, a necessary element of burglary under state law.[90] This is evaluated according to whether it is objectively likely that persons were likely to be present, not according to the defendant's subjective knowledge.[91] Even though the residents, Steven Ostendorf and family, were on vacation the week of the offense,[92] the Ohio appeals court found that there was sufficient evidence to prove this element for two reasons. First, Ostendorf had asked his neighbor, Randall

---

[87] *Jackson*, 443 U.S. 307.

[88]    *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E.2d 492 at ¶ 2 of the syllabus (1991) (superseded on other grounds by Constitutional Amendment as stated in *State v. Smith*, 80 Ohio St. 3d 89, 684 N.E.2d 668 (1997)). This paragraph of the syllabus explicitly cites *Jackson* and indicates that its standard for determining sufficiency of the evidence is followed in Ohio.

[89] ECF # 8, Attachment (state court record) at 114.

[90] *See*, OHIO REV. CODE ANN. § 2911.12(A)(2) (West 2011).

[91] *In re Meatchem*, 2006 WL 2320787 (Ohio Ct. App. Aug. 11, 2006).

[92] ECF # 8, Attachment (state court record) at 116.

Calvelage, to take out Ostendorf's trash for him on Thursday evening that week and also asked Calvelage more generally to "look over things while he was gone."[93] Calvelage testified that he had in fact gone to take out Ostendorf's trash Thursday night, had seen a light moving in the house, and dialed 911.[94] The court found from this testimony that (1) Calvelage was in fact present at the time of the offense, and (2) it was likely that Calvelage would be present because Ostendorf had asked him to look over things while Ostendorf was out of town.[95]

DeWitt's response is two-fold. First, DeWitt argues that Calvelage was only present in the yard, not the structure itself, and the statute requires it to be an "occupied structure" and that a person be "likely to be present in the house."[96] Second, DeWitt claims that it was not likely that Calvelage would be present because Ostendorf had not given him a key and had not granted him a right of entry to the dwelling.[97]

---

[93] *Id.*

[94] *Id.* at 117.

[95] *Id.* at 121.

[96] ECF # 12 at 8. This is not the current language of the statute. *See*, Ohio Rev. Code § 2911.12(A). DeWitt likely took this language from *State v. Beasley*, 1982 WL 3500, at *2, *4 (Ohio Ct. App. 1982). However, *Beasley* quotes an early version of Ohio's burglary statute, which was superceded by Ohio Senate Bill 2 (1995). The present statute does not explicitly require that a person be "likely to be present in the house." *See* Ohio Rev. Code § 2911.12(A)(2). "Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense."

[97] ECF # 12 at 7.

The sufficiency of the evidence, not the proper understanding of Ohio law, is at issue here. Whether Ohio law requires presence in the dwelling and not merely on the property is a question of state law and was addressed by the Ohio appeals court, which found that presence on the property was sufficient.[98]

The Ohio appeals court found that Calvelage was actually present on the property.[99] Given Calvelage's testimony that he was present, and the lack of contrary testimony, there is sufficient evidence to find that a person was present or likely to be present at the time of the burglary. The state appeals court found that this evidence was sufficient to convict DeWitt of burglary. Accordingly, this ground for relief should be denied because the state court decision denying this claim was not an unreasonable application of *Jackson*.

## Conclusion

For the foregoing reasons, I recommend that the petition of William D. DeWitt, Jr. for a writ of habeas corpus under 28 U.S.C. § 2254 be dismissed in part and denied in part, as more fully detailed above.

Dated:  July 17, 2012                                  s/ William H. Baughman, Jr.
                                                       United States Magistrate Judge

---

[98] ECF # 8, Attachment (state court record) at 97.

[99] *Id*.

-21-

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[100]

---

[100] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).